UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE GRIFFIN,

    Plaintiff,

v.                                      CASE NO: 8:09-cv-1440-T-23TGW

HILLSBOROUGH COUNTY SHERIFF,
et al.,

    Defendants.
_____/

**O R D E R**

Proceeding pro se, Ronnie Griffin ("the plaintiff") sues the Hillsborough County Sheriff and the "City of Tampa Police Department, et al.," for alleged deprivation of the plaintiff's constitutional rights enforceable under 42 U.S.C. § 1983. A September 22, 2009, order (Doc. 11) dismisses the original complaint for failure to state a claim. The order discusses the standard for pleading a Section 1983 claim against a municipality and allows the plaintiff to submit an amended complaint. Like the first iteration, the three-count amended complaint (Doc. 13) comprises a series of rambling, disjointed, and largely incoherent allegations. The plaintiff's claims apparently arise from his arrest by Hillsborough County Sheriff's deputies and the deputies' subsequent search of the plaintiff's vehicle. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the defendants move (Docs. 18 and 19) to dismiss the amended complaint. The plaintiff opposes (Doc. 21) the Hillsborough County Sheriff's motion to dismiss.[1]

---

[1] The plaintiff also moves (Doc. 16) for recusal. Pursuant to 28 U.S.C. § 144, a party may move to disqualify a judge who "has a personal bias or prejudice either against him or in favor of any adverse party." The moving party must submit an affidavit that states with particularity facts that would "convince a reasonable person that bias exists." United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987).

(continued...)

In Count I, the plaintiff conclusorily alleges that a Hillsborough County sheriff's deputy "arrested the plaintiff on false charges, seized his vehicle, . . . and illegally seized a 9mm handgun and ammo for six months without consent or compensation for same" in violation of the Second, Fifth, and Fourteenth Amendments to the United States Constitution. The plaintiff alleges that "these acts were done along with others . . . in retaliation for [the plaintiff's] filing a lawsuit against the [the defendants] in 2000." The plaintiff alleges that since 2000 the "defendants have retaliated at will under color of law to criminalize the Plaintiff and family."

In Count II, the plaintiff alleges that, after the plaintiff filed the present suit, an unidentified officer arrested Brock Griffin, the plaintiff's son, and assaulted Brock Griffin and an unidentified pregnant woman. The plaintiff alleges that the officer falsely accused Brock Griffin of assaulting the officer. The plaintiff alleges that the assault caused "scars and bruises, public [humiliation] and embarrassment done arbitrarily, intentionally, wilfully, and with malice . . . to cause harm, intimidate, and threaten through discriminatory practice and policy as aforementioned."

In Count III, the plaintiff alleges that in October, 2009, a Tampa police officer without a warrant or just cause entered a home on Eskimo Avenue in Sulphur Springs, Florida. The plaintiff alleges that the officer shot at Brice Griffin and that Brice Griffin is in jail on pending criminal charges. The plaintiff alleges that both the "Hillsborough County Sheriff's Office and the City of Tampa have used this criminalization practice and policy to retaliate against plaintiff and family." The plaintiff also alleges that in 1999

---

(...continued)
Failing to identify a single fact from which a reasonable person could infer bias or prejudice, the plaintiff's motion (Doc. 16) is **DENIED**.

- 2 -

the police failed to respond appropriately to the plaintiff's report that someone "shot into" the plaintiff's father's truck. The plaintiff alleges that the police "flagrant[ly] disregard[ed] the rights of plaintiff and family . . . due to the plaintiff's political activism and filing complaints."

Discussion

Although the September 22, 2009, order (Doc. 11) dismisses the City of Tampa Police Department, the plaintiff again names the City of Tampa Police Department as a party. Under Florida law, a police department lacks a separate legal identity apart from the city and is not an entity subject to suit. Post v. City of Fort Lauderdale, 750 F. Supp. 1131, 1132-33 (S.D. Fla. 1990); Florida City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995); see also Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . but 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'" (internal citations omitted)). The City of Tampa Police Department's motion (Doc. 19) is **GRANTED**, and the City of Tampa Police Department is **DISMISSED**.

Although permitted to sue a municipality under Section 1983, a plaintiff may not rely on the theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"); see also McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003). To assert a Section 1983 claim against the Sheriff in his official capacity, the plaintiff must demonstrate the violation of a constitutional right caused by enforcement of a policy or

- 3 -

custom of the county. McDowell, 392 F.3d at 1289 (citing City of Canton v. Harris, 489 U.S. 378 (1989)). The September 22, 2009, order (Doc. 11) dismisses the previous complaint because the conclusory allegations of the complaint fail to identify a custom or policy that deprived the plaintiff of a constitutional right. Nevertheless, the amended complaint again fails to identify an unconstitutional custom or policy implemented by the county.

Furthermore, the amended complaint purports to assert claims on behalf of other members of the plaintiff's family. However, the plaintiff lacks standing to seek redress for the alleged injuries to another person, including a member of the plaintiff's family. See Whitehurst v. Wal-Mart 306 F. App'x 446, 449 (11th Cir. 2008) ("a non-lawyer parent has no right to represent a child in an action in the child's name."). Accordingly, the Hillsborough County Sheriff's motion (Doc. 18) to dismiss is **GRANTED**.

Conclusion

Despite the previous dismissal and opportunity to amend, the amended complaint fails to address any pleading deficiency identified in the September 22, 2009, order (Doc. 11). Like the previous iteration, the amended complaint attempts to sue entities not subject to suit and contains only conclusory allegations of an alleged wrong. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Although the plaintiff proceeds pro se, "leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). The

- 4 -

defendants motions (Docs. 18 and 19) to dismiss are **GRANTED**, and the amended complaint (Doc. 13) is **DISMISSED**.

The Clerk is directed to (1) enter judgment of dismissal in favor of each defendant and against the plaintiff, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on November 30, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE